UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN BIANCULLI,
    Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

SHERMETA, ADAMS & VON ALLMEN, P.C.,
a Michigan professional corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Kathleen Bianculli, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Shermeta Adams and Von Allmen which is a Michigan professional corporation that maintains registered offices in Oakland County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Macomb County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt involving a Judgment allegedly owed by Plaintiff to Palisades Acquisition in the amount of $11,259.70.

7. On October 13, 2011, Plaintiff received a letter from Defendant attempting to collect on this Judgment.

8. On or about November 8, 2011, Plaintiff sent Defendant a letter stating that she was disputing the alleged debt and asked for verification of the alleged debt.

9. Plaintiff never received any type of verification of the alleged debt from Defendant.

10. On or about April 16, 2012, without providing Plaintiff with any type of verification of the alleged debt, she received another letter attempting to collect on this alleged debt.

11. On or about March 8, 2013, and still without providing Plaintiff with any type of verification of the alleged debt, Defendant sent Plaintiff a third another letter attempting to collect on this alleged debt.

12. To date, Plaintiff has still not received any type of verification of the alleged debt.

## FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

   c. Treble damages.

   d. Statutory costs and attorney fees.

Respectfully submitted,

August 4, 2013
                /s/ Gary Nitzkin
                GARY D. NITZKIN  P41155
                TRAVIS SHACKELFORD P68710
                MICHIGAN CONSUMER CREDIT LAWYERS
                Attorneys for Plaintiff
                22142 West Nine Mile Road
                Southfield, MI 48033
                (248) 353-2882
                Fax (248) 353-4840
                Email – gary@micreditlawyer.com